IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DAVID KELLER                                                                    PLAINTIFF


        v.                              CIVIL NO. 11-6029


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT


<u>**MEMORANDUM OPINION**</u>

        Plaintiff, David Keller, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  <u>See</u>

42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed his current applications for DIB and SSI on April 21, 2008,

alleging an inability to work since January 1, 2008, due to a back problem, knee problems, and

a hernia in his belly button.  (Tr. 90, 95, 119).  An administrative hearing was held on June 25,

2009, at which Plaintiff appeared with counsel and testified. (Tr. 31-45).

        By written decision dated February 3, 2010, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

Specifically, the ALJ found Plaintiff had the following severe impairments: a soft tissue injury of the lower limb; a disorder of the back; bilateral knee arthralgias; chronic low back pain status post two degenerative disc disease operations; and moderate reactive (obstructive) airway disease.  (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  (Tr. 14). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 22, 2011. (Tr. 4-7).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs.13, 14).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

AO72A
(Rev. 8/82)

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.916.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

-3-

experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.916.

## III.   Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because (1) the Commissioner's decision was not supported by substantial evidence as Plaintiff meets Listing 1.02(A), 1.05, and 1.07; (2) the Administrative Law Judge erred in failing to consider the combined effects of Plaintiff's impairments; (3) the Administrative Law Judge did not give proper consideration of Plaintiff's chronic pain; and (4) the Administrative Law Judge failed to evaluate the severity of Plaintiff's mental impairment listed in Appendix 1, Part 404, Subpart P, Regulation No. 4 (Listings) §12.04 and 12.06.  Defendant argues substantial evidence supports the ALJ's determination.

### A.     Evaluation of the Listed Impairments 1.02, 1.05, and 1.07:

To meet the requirements of Listing 1.02, Plaintiff must establish that he suffers from a "major dysfunction of a joint" caused by a "gross anatomical deformity" with involvement of "one major peripheral weight-bearing joint" or involvement of "one major peripheral joint in each upper extremity." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.02.  Listing 1.05 pertains to an amputation of an extremity, a hemipelvectomy or hip disarticulation.  Id. at 1.05.  Listing 1.07 pertains to a fracture of an upper extremity.  Id. at 1.07.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff did not meet a Listing.

-4-

**B.      Combination of Impairments:**

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. See 20 C.F.R. § 404.1523.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds the ALJ properly considered Plaintiff's impairments both singularly and in combination.

**C.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record also revealed that Plaintiff was able to come up with the funds to support his two to three package a day smoking habit, as well as to purchase alcohol during the relevant time period.

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**D.     Mental Impairment Assessment:**

Plaintiff argues that the ALJ failed to properly address Plaintiff's alleged mental impairments. In making this argument, Plaintiff points to medical records dated in 1999. (Tr. 200, 211, 219, 220-221). Defendant argues that Plaintiff failed to seek treatment for a mental impairment during the relevant time period.

With regard to Plaintiff's alleged depression and anxiety, it is noteworthy that Plaintiff did not allege a disabling mental impairment in his application for benefits. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). The record also failed to demonstrate that Plaintiff sought treatment for mental impairments during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

-6-

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit.  The Court finds that the ALJ did not err in failing to address the severity of Plaintiff's alleged mental impairments.

**E.      RFC Assessment:**

Plaintiff also appears to claim that the ALJ's RFC determination is not supported by substantial evidence.  Defendant argues that the ALJ's findings are supported by the record.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, including the assessments completed by Drs. Jerry Mann, Ronald Crow, and A. Jack Somers, Jr.;  Plaintiff's subjective complaints; and his medical

records when the ALJ determined Plaintiff maintained the RFC to perform a full range of light work.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

## IV.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 17th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)